UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

ROBERT GLASBY                                         CIVIL ACTION

VERSUS                                                NO. 2:20-cv-316

PRUDENTIAL INSURANCE COMPANY OF AMERICA

## COMPLAINT

The Complaint of Robert Glasby respectfully alleges:

1. This is a claim for ERISA short and long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.S.C. Sec. 1001, et seq.; 29 U.S.C. Sec. 1132(e)(1)(2).

3. **Plaintiff, Robert Glasby**, of lawful age and a resident of Sulphur, Louisiana, is a plan participant and beneficiary of an ERISA plan created by his employer, Chicago Bridge and Iron Company and an insured participant of a group disability policy issued by Prudential Insurance Company of America.

4. **Defendant, Prudential Insurance Company of America ("Prudential")**, is a foreign corporation, doing business in Louisiana. Upon information and belief, Prudential is incorporated in Philadelphia, Pennsylvania, and its principal place of business is in the state of Pennsylvania.

5. Prudential issued group Short and Long Term Disability policies insuring the employees of Chicago Bridge and Iron Company. Plaintiff is a beneficiary and insured under the policies.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 U.S.C. Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job on a fulltime basis.

8. Plaintiff is disabled under the terms of the disability policies issued by Prudential.

9. Prudential unlawfully denied Plaintiff benefits he is entitled to under terms of the disability policies.

10. Plaintiff appealed the denials, but Prudential upheld its previous decisions.

11. Prudential's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

12. Prudential has wrongfully denied Plaintiff's benefits that Plaintiff is plainly entitled to under Plan terms.

13. Plaintiff has exhausted his administrative remedies and now files this suit to reverse Prudential's denial of benefits.

14. Prudential has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

15. Prudential has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

16. Prudential has abused its discretion by failing to consider his medical condition in relation to the actual duties of his occupation.

17. Prudential administered Plaintiff's claim with an inherent and structural conflict of interest as Prudential is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Prudential's assets.

18. Prudential chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

19. The standard of review in this matter is de novo.

20. As a routine business practice, Prudential uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

21. Plaintiff has been denied the benefits due to him under the Plan, has suffered, and is continuing to suffer economic loss as a result.

22. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

23. Defendants' denial has required Plaintiff to hire attorneys to represent his in this matter to recover benefits due to his under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan L. Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)
James F. Willeford (La. 13485)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willefordlaw.com